IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL A. WILLIAMS, #368234
    Petitioner,

v.      *    CIVIL ACTION NO. WDQ-14-968

STATE OF MARYLAND
    Respondent.

*****

MEMORANDUM

On March 28, 2014, Michael A. Williams ("Williams"), a state inmate housed at the Maryland Correctional Training Center, filed a letter with the court in which he complains about the state circuit court prolonging his post-conviction case and the misrepresentation of the state public defender assigned to his case. He asks this court to intervene on his behalf. ECF No. 1. Affording the self-represented petition a generous construction, it appears that Williams is complaining about the delays which have ensued in the collateral review of his state court conviction. Williams's correspondence has been construed as his attempt to invoke the court's mandamus relief to compel the circuit court to act on his post-conviction petition.

The letter petition was not accompanied by the required civil filing fee or indigency motion. Williams shall not, however, be required to cure this deficiency. Mandamus relief is a remedy only used in extraordinary circumstances. *See Kerr v. United States Dist. Court,* 426 U.S. 394, 402 (1976); *In re Beard,* 811 F.2d 818, 826 (4th Cir. 1987). Moreover, a federal court does not have jurisdiction over state entities or employees in an action for writ of mandamus. *See Gurley v. Superior Court of Mecklenburg County,* 411 F.2d 586, 587 (4th Cir. 1969); *see also AT & T Wireless PCS v. Winston-Salem Zoning Bd. of Adjustment,* 172 F.3d 307, 312 n. 3 (4th Cir. 1999).

Because it plainly appears that Williams is not entitled to any relief in this court, the petition

shall be dismissed. A separate Order shall follow reflecting the ruling set out herein.

Date: April  1 , 2014

_____
William D. Quarles, Jr.
United States District Judge